UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN BEDWELL,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>FALLBROOK PLAZA LP and DOES 1–10,<br><br>　　　　　　　　　Defendants. | Case No. 22-cv-93-MMA (AHG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 6] |

　　　　On January 24, 2022, Plaintiff Shawn Bedwell ("Plaintiff") filed a Complaint against Defendant Fallbrook Plaza LP ("Defendant") and Does 1–10. Doc. No. 1 ("Compl."). Plaintiff alleges violations of the Americans with Disabilities Act, 41 U.S.C. § 12181, *et seq.* ("ADA") and the California Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* ("Unruh Act"). *See id.* On May 27, 2022, Defendant filed a motion to dismiss Plaintiff's ADA claim for lack of subject matter jurisdiction. Doc. No. 6. Defendant further requests that the Court decline to exercise supplemental jurisdiction over the Unruh Act claim. *Id.* Plaintiff filed a statement of non-opposition to Defendant's motion. Doc. No. 7. The Court found the matter suitable for disposition on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Doc. No. 8. For the reasons set forth below, the Court

**GRANTS** Defendant's motion to dismiss and **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.

## I. Background

Plaintiff is paralyzed and requires a wheelchair or walker for mobility. Compl. ¶ 1. According to Plaintiff, he is a disabled person under the ADA and the Unruh Act. *Id.* Plaintiff alleges that Defendant owns the property located at 1061 S. Main Ave., Fallbrook, California (the "Property"), which operates as "Little Caesar's Pizza" (the "Business"). *Id.* ¶¶ 2–3. Plaintiff also states that the Property is newly constructed or otherwise underwent remodeling or repairs after January 26, 1992, and yet fails to comply with California access standards that were in effect at the time of construction. *Id.* ¶ 12.

Plaintiff alleges he visited the Property on "two (2) separate occasions, in October 2021 and November 2021 to patronize the [B]usiness." *Id.* ¶ 13. However, Plaintiff claims he encountered barriers that denied him the ability to "use and enjoy the goods, services, privileges, and/or accommodations offered at the Property." *Id.* ¶ 15. Plaintiff alleges these barriers included a lack of accessible routes of travel on the Property and inside the Business, missing directional and parking signage, uneven surfaces, and improper dimensions of the disabled parking space and accompanying aisle. *Id.* ¶ 20. Plaintiff brings two causes of action against Defendant: (1) violation of the ADA, and (2) violation of the Unruh Act. *Id.* ¶¶ 31–56. Defendant moves to dismiss the federal claim for lack of subject matter jurisdiction and requests the Court decline supplemental jurisdiction over Plaintiff's state law claim. Doc. No. 6 at 1–2.[1]

## II. Motion to Dismiss

Defendant argues the Court lacks subject matter jurisdiction over Plaintiff's ADA claim on two grounds: (1) "the mere list of alleged violations" in Plaintiff's

---

[1] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

Complaint fails to satisfy the injury-in-fact requirement of Article III standing; and (2) the alleged conditions, if they ever existed, have been modified such that the ADA claim is now moot. Doc. No. 6-1 at 20–28. In his non-opposition, Plaintiff concedes that the "[a]rchitectual barriers identified in the Complaint appear to have been remediated in response to Plaintiff's lawsuit thereby rendering Plaintiff's federal ADA claim moot." Doc. No. 7 at 2. Accordingly, the Court begins by addressing the mootness of Plaintiff's ADA claim.

### A.  Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Without subject matter jurisdiction, a federal court is without "power" to hear or adjudicate a claim. *See Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)); *Kokkonen*, 511 U.S. at 377.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Jurisdictional attacks under Rule 12(b)(1) can be either facial or factual. *White*, 227 F.3d at 1242. A *facial* attack on jurisdiction asserts that the allegations in a complaint are insufficient to invoke federal jurisdiction, whereas a *factual* attack disputes the truth of the allegations that would otherwise confer federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial challenge to jurisdiction, a court accepts the allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (quoting *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves,

would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039.  The moving party can convert its "motion to dismiss into a factual motion by presenting affidavits or other evidence." *Id.*  In resolving a factual attack, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Id.* (citing *White*, 227 F.3d at 1242).  "Once the moving party has converted the motion to dismiss into a factual motion . . . the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id* at 1039 (quotation marks omitted) (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir.2003)); *see also Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist.").

Here, Defendant submitted the declaration and inspection report of Jason James, a Certified Access Specialist, in support of his motion to dismiss.  *See* Doc. Nos. 6-2, 6-3.  Therefore, Defendant's motion to dismiss is properly classified as a factual attack.  As such, the Court does not presume the truthfulness of Plaintiff's allegations.  Thus, the Court only has subject matter jurisdiction if Plaintiff meets his burden of establishing jurisdiction.

**B.     Mootness**

"A claim is moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (quoting *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 396 (1980)).  In a lawsuit seeking injunctive relief, "[a] case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000) (citing *United States v.*

*Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968).[2]  In ADA cases, "[c]ourts have held that where structural modifications are made, then it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to occur in the future." *Zaldivar v. City of San Diego*, No. 15-CV-67-GPC, 2016 WL 5118534, at *10 (S.D. Cal. Sept. 21, 2016) (collecting cases).  If a claim is rendered moot, the court must dismiss it.  *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086–87 (9th Cir. 2011).

Here, in his declaration and inspection report, Mr. James provides evidence relating to each violation Plaintiff alleges in the Complaint and asserts that each allegation either does not "accurately describe the conditions of the Property nor the [Business]" or is "false."  Doc. Nos. 6-2, 6-3.  Relying on these assertions, Defendant argues that Plaintiff's claims are moot because they have either been remediated or never existed.  *See* Doc. No. 6-1 at 8.  In his non-opposition, Plaintiff states, "the Architectural barriers identified in the Complaint appear to have been remediated . . . thereby rendering Plaintiff's federal ADA claim moot."  Doc. No. 7 at 2.  The Court agrees with the parties that the ADA claim is moot.  The alleged barriers, if they ever existed, appear to have been remediated.[3]  As such, the barriers issue is moot and the Court **GRANTS** Defendant's motion to dismiss the ADA claim.

## C.     Supplemental Jurisdiction

Defendant next argues that the Court should decline supplemental jurisdiction over Plaintiff's Unruh Act claim because the Unruh Act claim substantially predominates over the ADA claim and there are compelling reasons to decline jurisdiction.  Doc. No. 6-1 at 21–25.

---

[2] Injunctive relief is the only remedy available under Title III of the ADA.  *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002).

[3] The Court notes it makes no finding as to whether the structures in question were in violation of the relevant building codes and were remedied after Plaintiff's lawsuit was filed or were never in violation.  Such a finding is not necessary to resolve the question of mootness.

Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a state law claim if one of the following exceptions applies:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In deciding whether to invoke Section 1367(c)(4), a district court "must articulate why the circumstances of the case are exceptional within the meaning of § 1367(c)(4)." *Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021) (citation omitted) (quoting *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1558 (9th Cir. 1994)). The court should then consider what "best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.* (quotations omitted) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997)).

California's legislature has enacted multiple statutes to address perceived abuse of Unruh Act claims by heightening the pleading standard for those claims and increasing the filing fees for "high-frequency litigants." *Id.* at 1206–07; *see also* Cal. Civ. Proc. Code § 425.50(a); Cal. Gov't Code § 70616.5; Cal. Civ. Proc. Code § 425.55. These changes led to a large increase in the filing of ADA and Unruh Act claims in federal district courts in California—presumably to circumvent these new requirements. *See Arroyo*, 19 F.4th at 1207. Several district courts have considered these attempts at circumvention as exceptional circumstances under Section 1367(c)(4), and they found that California's interest in enforcing the changes through the litigation of Unruh Act claims in state courts was a compelling reason to decline supplemental jurisdiction. *See Dalfio v. SECVD & I, Inc.*, No. 21-CV-929-MMA (AGS), 2021 WL 4197203 at *3 (S.D. Cal. Sept. 15, 2021) (collecting cases). Recently, the Ninth Circuit agreed this is a valid

reason to decline supplemental jurisdiction over Unruh Act claims so long as the court has not already resolved the ADA claims in favor of the plaintiff. *See Arroyo*, 19 F.4th at 1215–16.

Here, Plaintiff brought both ADA and Unruh Act claims against Defendant in federal court. The Court agrees with other district courts that California's statutory changes to Unruh Act claim litigation and the subsequent circumvention of these changes by filing Unruh Act claims in federal courts is an exceptional circumstance under Section 1367(c)(4). Therefore, the Court finds an exceptional circumstance exists in this action compelling the Court to decline supplemental jurisdiction. Further, California's interest in enforcing these changes via litigation of Unruh Act claims in state courts is a compelling reason to decline supplemental jurisdiction. Finally, declining supplemental jurisdiction over the Unruh Act claim best serves the principle of comity. *See Dalfio*, 2021 WL 4197203 at *3 ("The Court agrees that comity and deference to California's interest in monitoring and regulating Unruh Act complaints present compelling reasons to decline to exercise jurisdiction"). As such, the Court **DECLINES** to exercise supplemental jurisdiction over the Unruh Act claim under Section 1367(c)(4).[4]

***

---

[4] The Court need not address the question of predomination under section 1367(c)(2) for two reasons. First, discussion of compelling reasons under Section 1367(c)(4) is sufficient to dispose of the issue. Second, section 1367(c)(2) requires the presence of a claim over which the Court has original jurisdiction. Given the dismissal of the ADA claim—the only other claim in this matter—section 1367(c)(2) appears inapplicable on its face.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss, **DECLINES** to exercise jurisdiction over Plaintiff's Unruh Act Claim pursuant to 28 U.S.C. § 1367(c)(4), and **DISMISSES** the case without prejudice. Accordingly, the Court **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

Dated: July 19, 2022

*(signature)*

HON. MICHAEL M. ANELLO
United States District Judge